UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 23-101-DLB

ANTHONY A. EWING                                          PETITIONER

v.                  **MEMORANDUM OPINION AND ORDER**

D. LEMASTER, Warden                                RESPONDENT

*** *** *** ***

Federal inmate Anthony Ewing has filed a *pro se* petition for a writ of habeas corpus to challenge sanctions imposed upon him by a Disciplinary Hearing Officer ("DHO") at the Bureau of Prisons ("BOP"). (Doc. # 1). The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In August 2021, a DHO found Ewing guilty of Prohibited Act Code 108 because a guard found a cell phone in his locker. The DHO imposed various sanctions including the loss of 41 days of good conduct time. (Doc. # 1 at 4). Ewing complains that the only evidence supporting his conviction is the statement provided by the prison guard who found the phone. He also contends that the BOP mishandled his appeals, effectively preventing him from administratively challenging his conviction.[1] *Id*. at 5.

---

[1] The Court assumes that this latter contention is true for purposes of discussion. But that asserted failure is only a basis to deem his administrative remedies exhausted, *Ross v. Blake*, 578 U.S. 632, 642-44 (2016), not an independent ground to vacate his disciplinary conviction, *Argue v. Hoffmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003).

1

When a prisoner believes that he was deprived of sentence credits for good conduct without due process of law, he may invoke this Court's habeas corpus jurisdiction under 28 U.S.C. § 2241. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Certain procedural protections must be observed during prison disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974). Pertinent here, due process requires the prison disciplinary board's decision to be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Because only minimal evidence is required to meet that standard, the reviewing court need not re-examine the entire record, independently assess the credibility of witnesses, or weigh the evidence. Instead, it need only confirm that "there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Id*. at 454-55 (emphasis added); *Selby v. Caruso*, 734 F. 3d 554, 559 (6th Cir. 2013).

Evaluated under that highly deferential standard, Ewing's disciplinary conviction satisfied due process requirements. In May 2021, a prison guard noticed that Ewing was watching him closely, and that he then placed something into his locker and promptly walked out of his cube. The officer stopped Ewing and searched his locker, where he found Ewing's identification and a cell phone. Ewing was charged with possession of a hazardous tool (the cell phone) and the matter was referred to the DHO. Following a hearing, the DHO found the reporting officer's statement to be more credible than Ewing's denial, and found him guilty of the offense.[2] The DHO's credibility determination, which

---

[2] *See Ewing v. LeMasters*, No. 0: 23-CV-92-DLB (E.D. Ky. 2023) (Doc. # 1-2 at 5, 8-9). Ewing asserted his present claims in that earlier petition. He filed the incident report and DHO report in that case, but apparently forgot to file them again in this one. Nonetheless, a court may take judicial notice of "proceedings in other courts of record." *See Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court

2

was based upon evidence of record at the hearing, satisfies the *de minimis* "some evidence" standard.  *Cf. Ward v. State of Tenn.*, 899 F.2d 1223 (6th Cir. 1990) ("The reporting officer's written statement that upon finding plaintiff 'highly intoxicated,' plaintiff became 'very belligerent' and 'started cussing,' constitutes 'some evidence' supporting the disciplinary board's decision."); *see also Morris v. Beard*, No. 20-CV-82-DLB, 2020 WL 7409592, at *3 (E.D. Ky. Dec. 17, 2020) (holding "some evidence" standard satisfied where DHO relied upon written statements from officers who searched prisoner's locker); *Mercado-Rosario v. Lemaster*, No. 22-CV-90-DLB, 2023 WL 1796954, at *1 (E.D. Ky. Feb. 7, 2023) (holding "some evidence" standard satisfied where DHO relied upon written statement from officers who found cell phone in prisoner's cube).

Accordingly, the Court **ORDERS** as follows:

1. Anthony Ewing's petition for a writ of habeas corpus (Doc. # 1) is **DENIED**.

2. The Court will enter a corresponding judgment.

3. This matter is **STRICKEN** from the docket.

This 16th day of January, 2024.



Signed By:
David L. Bunning  DB
United States District Judge

L:\DATA\ORDERS\PSO Orders\Ewing 0-23-101 Memorandum.docx

---

and numerous others routinely take judicial notice of information contained on state and federal government websites.").